Carl J. Oreskovich, WSBA #12779
ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 West Riverside Avenue, Suite 210
Spokane, WA 99201
Phone: (509) 747-9100
Facsimile: (509) 623-1439
Email: carl@ettermcmahon.com
*Attorney for Defendant Cody A. Easterday*

CHIEF JUDGE STANLEY A. BASTIAN

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CODY ALLEN EASTERDAY,<br><br>Defendant. | No. 4:21-CR-06012-SAB-1<br><br>**DEFENDANT'S MOTION TO CONTINUE RESTITUTION DETERMINATION**<br><br>**Sentencing Hearing:**<br>October 4, 2022 at 2:30 pm<br>Yakima, WA |

COMES NOW, Defendant Cody A. Easterday, by and through his attorney of record, Carl J. Oreskovich of Etter, McMahon, Lamberson, Van Wert & Oreskovich, P.C., and hereby moves this Court for an Order continuing the restitution determination portion of the Sentencing Hearing in this matter. Mr. Easterday further requests this Motion be heard on an expedited basis.

As explained fully below, Mr. Easterday respectfully requests a continuance of the restitution portion of his upcoming Sentencing Hearing for the Court to determine the actual net loss incurred by Tyson Foods in conjunction with the totality of its business dealings with Mr. Easterday and/or Easterday Ranches, Inc. *See United States v. Price*, 2020 WL 7647368, at *3 (D. Mont. 2020) ("[I]n the context of restitution awards, the government's evidence of actual loss must deduct any financial benefit realized by the victims of the fraud."); *accord United States v. Hansen*, 498 F. Supp. 3d 1332, 1344 (D. Idaho 2020) (defendant's company underbilling to victim credited against restitution as "[t]he intent of restitution is 'to make victims of crimes whole,' . . . and not to give victims of crime a payout").

**BACKGROUND**

This Court is scheduled to sentence Mr. Easterday on October 4, 2022. The accompanying Declaration of Carl J. Oreskovich is hereby incorporated by this reference as if restated verbatim herein. As identified in detail in the accompanying Declaration, Mr. Easterday is requesting a continuance of the restitution portion of the Sentencing Hearing for full consideration of at least three specific offsets in the restitution owed to Tyson Foods in this matter.



ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201 (509) 747-9100

First, Easterday Ranches, Inc. ("Easterday Ranches") was never paid by Tyson Fresh Meats, Inc. ("Tyson") for certain feed and cattle care services rendered. (*See* Oreskovich Decl. at ¶ 5.) The amount owed by Tyson is approximately $11,970,095.18 and was incurred both pre-Bankruptcy and post-Bankruptcy. (*Id.*) These amounts were either not disputed by Tyson or Tyson has failed to provide adequate details and reconciliation under the accounts.

Second, Tyson has collected over $51,000,000.00 in interest and guaranteed funds from Easterday Ranches in violation of the Packers and Stockyards Act of 1921. (*See* Oreskovich Decl. at ¶ 6.) In this vein, Tyson has maintained that it owned the cattle that were purchased and fed by Easterday Ranches and collected the above-referenced interest and guaranteed funds from Easterday Ranches from 2010 to 2020. (*Id.*) Federal Regulations implemented under the Packers and Stockyards Act of 1921 indicate: "No packer or dealer [*i.e.*, Tyson] shall, in connection with the purchase of livestock in commerce, charge, demand, or collect from the seller of the livestock [*i.e.*, Easterday Ranches] any compensation in the form of commission, yardage, or other service charge unless the charge is for services mandated by law or statute and is not inconsistent with the provisions of the Act." 9 C.F.R. § 201.98. As such, if Tyson was the appropriate owner of the cattle, it has clearly violated the Packers



ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201 (509) 747-9100

and Stockyards Act of 1921 by collecting illegal compensation and other service charges from Easterday Ranches. *See id*.

Third, Tyson and Mr. Easterday participated in a marketing venture utilizing "Cody's Beef" for at least seven years and potentially up to eleven years. (*See* Oreskovich Decl. at ¶ 7.) Under this marketing arrangement, Tyson utilized Mr. Easterday's name and likeness for a branded beef product sold in Japan, in turn agreeing to compensate Mr. Easterday. (*See id*.) Despite utilizing "Cody's Beef" for at least seven years (program and labeled product commencing around 2010, applying to register the trademark in 2013, receiving the registration in 2014, and maintaining the trademark which is presently active), Tyson has never provided any compensation to Mr. Easterday, accounted for any profits, and has solely retained all revenue arising out of this marketing arrangement. (*See id*.) The amount of associated compensation wrongfully retained by Tyson is approximately $100,000,000.00. (*See id*.)

Mr. Easterday respectfully requests that the Court consider these three potential offset(s) against the remaining amount of restitution owed in this matter. The Government has taken the position that it will apply any future credits or offsets as directed by the Court. (Oreskovich Decl. at ¶ 10.) The Government has further indicated that it will only object to a continuance or



ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201 (509) 747-9100

bifurcated restitution hearing to the extent it delays Mr. Easterday's reporting to Federal Bureau of Prisons custody (if ordered by the Court). (*Id.*)

**MEMORANDUM OF LAW**

Mr. Easterday must pay restitution to Tyson pursuant to the Mandatory Victim Restitution Act ("MVRA"), 18 U.S.C. § 3663A *et seq*. Under the MVRA, which applies "in all sentencing proceedings for convictions of . . . an offense . . . under this title . . . including any offense committed by fraud or deceit," 18 U.S.C. § 3663A(c)(1)(A)(ii), the Court must order restitution to each victim in the full amount of the victim's losses, 18 U.S.C. § 3664(f)(1)(A). Because "[t]he purpose of restitution is to put the *victim* back in the position he or she would have been but for the defendant's criminal conduct," *United States v. Gossi*, 608 F.3d 574, 581 (9th Cir. 2010), the "amount of restitution is limited to the victim's 'actual losses' that are a direct and proximate result of the defendant's offense," *United States v. Thomsen*, 830 F.3d 1049, 1065 (9th Cir. 2016) (quoting *United States v. Eyraud*, 809 F.3d 462, 467 (9th Cir. 2015)).

"If the victim's losses are not ascertainable by the date that is 10 days prior to sentencing, . . . the court shall set a date for the final determination of the victim's losses, not to exceed 90 days after sentencing." 18 U.S.C. § 3664(d)(5). However, the 90-day time frame is not jurisdictional and the Court



ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201 (509) 747-9100

has discretion to schedule a separate restitution hearing beyond 90-days. *United States v. Moreland*, 622 F.3d 1147, 1172 (9th Cir. 2010); *accord Dolan v. United States*, 560 U.S. 605, 611 (2010).

"Actual loss" under the MVRA takes into account offsets associated with benefits received by the fraud victim. Actual loss is "the difference between '(1) the loss [the victim] incurred because of the unlawful conduct, [and] (2) the loss the [victim] would have incurred had [defendant] acted lawfully." *United States v. Gagarin*, 950 F.3d 596, 607 (9th Cir. 2020) (quoting *United States v. Bussell*, 504 F.3d 956, 965 (9th Cir. 2007)). "'[I]n the context of restitution awards, the government's evidence of actual loss <u>must deduct any financial benefit realized by the victims of the fraud</u>.'" *United States v. Price*, 2020 WL 7647368, at *3 (D. Mont. 2020) (quoting *United States v. Dokich*, 614 F.3d 314, 321 (7th Cir. 2010)); *accord Robers v. United States*, 572 U.S. 639, 641 (2014) (in mortgage fraud prosecution, "a sentencing court must reduce the restitution amount by the amount of money the victim received in selling the collateral"); *see also United States v. Hansen*, 498 F. Supp. 3d 1332, 1344 (D. Idaho 2020) (defendant's company underbilling to victim credited against restitution as "<u>[t]he intent of restitution is 'to make victims of crimes whole,' . . . and not to give victims of crime a payout</u>"); *United States v. Rivera*, 686 Fed. Appx. 470, 472 (9th Cir.



ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201 (509) 747-9100

2017) ("Restitution under the Mandatory Victims Restitution Act, . . . must reflect the victim's actual loss, . . . so if the advertisements had any value to the government, that amount would need to be offset against the restitution award."); *United States v. Lotze*, 192 Fed. Appx. 598, 601 (9th Cir. 2006) ("The district court stated at sentencing that the restitution award to Concord in the amount of $9,026.50 'shall be made subject to any offset for profits earned by Concord for the sale of the toys.'").

The Court "is to resolve disputes as to the proper amount of restitution by a preponderance of the evidence." *Gagarin*, 950 F.3d at 607 (citing 18 U.S.C. § 3664(e)). "Although the Government bears the initial burden of proving the loss amount, '[t]he question of who bears the burden for establishing a right to statutory offset is . . . left to the court's determination of what justice requires.'" *Gagarin*, 950 F.3d at 608 (quoting *United States v. Crawford*, 169 F.3d 590, 593 n.2 (9th Cir. 1999)). As such, the Court may require either Mr. Easterday or the Government to establish the appropriate net "actual loss" as "justice requires."

In the situation at hand, Tyson's "actual loss" under the MVRA must take into account financial benefits Tyson received based upon the totality of its business dealings with Mr. Easterday and/or Easterday Ranches. This includes, as identified above, funds Tyson received or retained associated with: (1) over



ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201 (509) 747-9100

$11,970,000.00 in unpaid feed and cattle care services; (2) over $51,000,000.00 in interest and guaranteed funds received from Easterday Ranches in violation of the Packers and Stockyards Act of 1921, and (3) approximately $100,000,000.00 for the use of Mr. Easterday's name and likeness absent compensation to Mr. Easterday. (*See* Oreskovich Decl. at ¶¶ 5-7.) If these offsets were applied, the amount of restitution due and owing to Tyson would only be approximately $7,500,000 of the original $233,008,042 contained in the Plea Agreement. (*Compare* Oreskovich Decl. at ¶¶ 5-7, *with* ECF No. 10 at 12.)

All three of these categories of funds received by Tyson were associated with their business relationship with Mr. Easterday. (*See* Oreskovich Decl. at ¶¶ 5-7.) Mr. Easterday is entitled to an offset in restitution regarding these three specific benefits obtained by Tyson, along with others as may be further established. *See Gagarin*, 950 F.3d at 607; *Hansen*, 498 F. Supp. 3d at 1344.

## <u>CONCLUSION</u>

Based upon the foregoing, Mr. Easterday respectfully requests that the Court continue the restitution determination for at least 90-days after Mr. Easterday's Sentencing Hearing for determination of Tyson's actual loss.

//

//



ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201 (509) 747-9100

RESPECTFULLY SUBMITTED this 26th day of September, 2022.

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.

By: /s/ Carl J. Oreskovich
Carl J. Oreskovich, WSBA #12779
Attorney for Defendant Cody Easterday



ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201 (509) 747-9100

**CERTIFICATE OF SERVICE**

I hereby certify that on the 26th day of September, 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to all of the attorneys that have appeared in this case and have registered with the CM/ECF System.

EXECUTED this 26th day of September 2022 in Spokane, WA.

By: /s/ Carl J. Oreskovich
Carl J. Oreskovich



ETTER, MCMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201 (509) 747-9100