| | |
|---|---|
| Glenn S. Leon | Vanessa R. Waldref |
| Chief, Fraud Section | United States Attorney |
| U.S. Department of Justice | Eastern District of Washington |
| Avi Perry | Russell E. Smoot |
| Deputy Chief | Timothy M. Durkin |
| John ("Fritz") Scanlon | Brian M. Donovan |
| Assistant Chief | Assistant United States Attorneys |
| 1400 New York Avenue NW | Post Office Box 1494 |
| Washington, DC 20005 | Spokane, WA 99210-1494 |
| Telephone: (202) 304-2946 | Telephone: (509) 353-2767 |

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 4:21-CR-06012-SAB-1 |
| Plaintiff, | |
| v. | **UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO CONTINUE RESTITUTION DETERMINATION** |
| CODY ALLEN EASTERDAY, | |
| Defendant. | |

Plaintiff, the United States of America, by and through Glenn S. Leon, Chief, Fraud Section, Criminal Division, United States Department of Justice, Avi Perry, Deputy Chief, Fraud Section, Criminal Division, United States Department of Justice, John ("Fritz") Scanlon, Assistant Chief, Fraud Section, Criminal Division, United States Department of Justice, Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, and Russell E. Smoot, Timothy M. Durkin, and Brian M. Donovan, Assistant United States Attorneys for the Eastern District of Washington (collectively, "the United States"), hereby submits this response to Defendant Cody Allen Easterday's Motion to Continue Restitution Determination. ECF No. 62.

The Court should enter a restitution award in the amount of $178,120,382 at sentencing, which reflects the full amount of the victims' losses, less property returned, without regard to the Defendant's unproven offsets unrelated to the underlying fraud.[1] Entry of such a restitution award at sentencing is warranted because the amount of loss has been demonstrated by the United States, is not in dispute by the parties, and is consistent with the statutory requirements of the Mandatory Victims Restitution Act (MVRA). As explained in *United States v. Bright*, "[18 U.S.C.] § 3664 directs the court to order restitution of the full amount of a victim's loss … without regard to other sources of compensation for the victims. Any such offsets are instead to be handled separately as potential credits against the defendant's restitution obligation – not as reductions in the amount of that obligation in the first instance." 353 F.3d 1114, 1121 (9th Cir. 2004).

If the Court, after it awards full restitution at sentencing, deems it necessary to have an additional hearing on Defendant's offset allegations, the United States has no role in such a private dispute between Defendant and Tyson Food, has no information with regard to claims since they do not involve the fraud at issue here, and has no burden of proof in respect to Defendant's claims for offsets. *See United States v. Crawford*, 169 F.3d 590, 593 (9th Cir. 1999) (the defendant has the burden of proof under the MVRA to establish a credit or offset of a restitution award). As such, it takes no position in the dispute between the two parties except to confirm it will apply any offsets or credits

---

[1] The United States' request in this brief that the Court enter a restitution award at sentencing in the full amount of the loss is consistent with its response to Defendant's counsel on September 22, 2022. ECF No. 62-2 at 37 ("we plan to take the position at sentencing that the Court should (1) enter an order of restitution in the amount agree to in the plea, and (2) orally pronounce and record in the judgment that Cody should receive credit for the ~$62M to Tysons [*sic*] and ~$3.9M to Segale paid out in the bankruptcy").

against Defendant's restitution balance as directed by the Court, if necessary. *United States v. Price*, 2020 WL 7647368, at *6 (D. Mont. Nov. 18, 2020) ("It is incumbent upon the U.S. Attorney's Office to collect monies and allocate payments in accordance with the restitution order.").

Finally, if the Court decides to hold an additional hearing on the question of potential offsets, the Defendant's presence is not required under Fed. R. Crim. P. 43(b) and any such hearing should not delay his reporting to BOP custody.

### A. Actual Losses From Defendant's Fraud Are Ascertainable And Restitution Should Be Awarded At Sentencing

1. The full amount of the victims' losses from the underlying fraud are undisputed

Under the MVRA, 18 U.S.C. §§ 3663A-3664, restitution is mandatory for a conviction based on an offense against property committed by fraud or deceit. 18 U.S.C. § 3663A(c)(1)(A)(ii). The Court must "order restitution to each victim in the full amount of each victim's losses as determined by the court[.]" 18 U.S.C. § 3664(f)(1)(A). "Any dispute as to the proper amount or type of restitution shall be resolved by the court by a preponderance of the evidence." 18 U.S.C. § 3664(e). Accordingly, the United States bears the burden of proving by a preponderance of the evidence that (1) a person or entity is a victim under the MVRA; (2) the amount of the victim's loss; and (3) the causal connection between the defendant's conduct and the victims' losses. *United States v. Waknine*, 543 F.3d 546, 556 (9th Cir. 2008).

The United States has met its burden. The full amount of the victims' losses arising out of Defendant's criminal conduct is clearly ascertainable, admitted to by the Defendant, and not in dispute. In the Plea Agreement, Defendant agreed to pay restitution in the total amount of $244,031,132, of which $233,008,042 is to be paid to Tyson Foods, Inc. ("Tyson Foods") and $11,023,090 is to be paid to Segale Properties, LLC ("Segale"). ECF No. 10 at 11-12. Moreover, the Pre-Sentence Investigation Report (PSR) identifies restitution in the same amounts to the same victims as the Defendant agreed to in the Plea Agreement. ECF No. 59 at ¶ 24.

Since entry of the Plea Agreement, Tyson Foods has received $62,417,952 and Segale has received $3,492,798 in payments in the related bankruptcy involving Easterday Ranches and Easterday Farms, *In re Easterday Ranches, Inc.*, Case No. 21-141 and *In re Easterday Farms*, Case No. 21-176, jointly administered. ECF No. 59 at ¶ 25. All parties agree these payments have been received as reported. Further, the parties all agree that Defendant should receive credit for these payments, as well as future additional payments that will come from the administration of the bankruptcy action. *See* 18 U.S.C. § 3663A(b)(1)(B)(ii) (the Court should order the defendant to pay the value of property lost by the victim less "the value… of any part of the property that is returned"); *Robers v. United States*, 572 U.S. 639, 641, 134 S. Ct. 1854, 1856, 188 L. Ed. 2d 885 (2014) ("if the 'property' that was 'damage[d],' 'los[t],' or 'destr[oyed]' was the money, then 'the property ... returned' must also be the money. Money being fungible, however, … 'the property ... returned' need not be the very same bills or checks") (citation omitted).

Applying the payments received through the bankruptcy proceeding to the loss admitted by Defendant in the Plea Agreement, the PSR recommends the entry of a restitution order in the amount of $170,590,090 to Tyson Food and $7,530,292 to Segale, for a total restitution amount of $178,120,382. ECF No. 59 at ¶ 116. The United States agrees with the recommendation in the PSR as consistent with the Plea Agreement and the applicable restitution statutes. The Defendant did not object to the restitution calculation in the PSR. *See, e.g., United States v. Hernandez-Guerrero,* 633 F.3d 933, 937 (9th Cir. 2011) ("The district court is entitled to rely on an unchallenged portion of a PSR"). The United States, therefore, has met its burden of establishing the full amount of each victim's loss by the preponderance of the evidence and requests that the Court should enter an award of restitution in those amounts at sentencing.

//

//

//

2. <u>Defendant's request to delay entry of a restitution award for unrelated and unproven offsets is misplaced and contrary to the MVRA</u>

Despite agreeing to an amount of restitution in the plea agreement and not objecting to the PSR, Defendant now contends in his Motion that Tyson Food's actual losses are not ascertainable due to three alleged offsets and, therefore, the Court must continue its restitution determination pursuant to § 3664(d)(5) and not enter restitution at the time of sentencing. This argument is contrary to the clear statutory scheme of the MVRA and unsupported by case law. Moreover, Defendant's request is misplaced because the three potential offsets are completely unrelated to the fraudulent conduct and are not a value realized by Tyson Food within the context of the fraud.

The MVRA states, "In no case shall the fact that a victim has received or is entitled to receive compensation with respect to a loss from insurance or any other source be considered in determining the amount of restitution." 18 U.S.C. 3664(f)(1)(B). Under this provision, the potential for outside recovery to a victim for its loss <u>shall not</u> be considered in determining the amount of restitution awarded at sentencing. *See Crawford*, 169 F.3d at 593. The MVRA recognizes, however, that an offset may later be appropriate in certain circumstances after entry of the restitution award. Section 3664(j)(2) provides, "Any amount paid to a victim under an order of restitution shall be reduced by any amount later recovered as compensatory damages <u>for the same loss</u> by the victim in-(A) any Federal civil proceeding; and (B) any State civil proceeding, to the extent provided by the law of the State." (emphasis added).

Accordingly, the statutory scheme under the MVRA is clear: Once the Government establishes a loss amount arising from an offense, as it has done so here, the Court should enter a restitution award at sentencing for the full amount of the victims' losses, less any property returned, without regard to potential offsets and then later credit or reduce a defendant's balance if appropriate. *See Bright,* 353 F.3d at 1121 ("§ 3664 directs the court to order restitution of the full amount of a victim's loss … [any] offsets are instead to be handled separately as potential credits against the

defendant's restitution obligation – not as reductions in the amount of that obligation in the first instance"); *Crawford,* 169 F.3d at 593 ("While insurance settlements are excluded in the initial computation of the amount of restitution owed, once that total amount is determined, the defendant is entitled to have the amount of restitution reduced by any amount later recovered by the victim as compensatory damages for the same loss"); *United States v. Sizemore*, 2016 WL 2636263, at *4 (E.D. Tenn. May 6, 2016), aff'd, 850 F.3d 821 (6th Cir. 2017) (based on the plain language of the statute, the Court is required to order restitution in the full amounts without consideration of potential offsets); *United States v. Elson,* 577 F.3d 713, 733 (6th Cir. 2009) (offsets are 'to be handled separately as potential credits against the defendant's restitution obligation-not as reductions in the amount of that obligation in the first instance'"); *United States v. Alalade,* 204 F.3d 536, 540–41 (4th Cir. 2000) (the district court lacked discretion under the MVRA to order restitution less the full amount of the victim's loss by allowing an offset).

Finally, Defendant's attempt to frame his alleged offsets, which he would admit are unrelated to the underlying crime, as benefits realized by Tyson Food in a manner similar to the situation in *Price*, *Robers,* and other similar cases is misplaced. Those cases involve situations where victims retained some value from the fraud. For example, in *Robers* the victim banks retained collateral in the properties that were purchased through the defendant's fraud. Here, there was no value received or retained by Tyson Food within the context of the fraud, so there is no deduction in the restitution amount warranted at the sentencing for "any financial benefit realized by the victims of the fraud." *Price*, 2020 WL 7647368, at 3.

### B. The Government Has No Position, Role, Duty, or Burden Related To A Private Dispute Between Defendant and Tyson Food

The United States has no position, role, duty, or burden in any subsequent hearing in this case related to the three alleged offsets, or in any civil proceeding between Tyson Food and Defendant, Defendant's claims involve a private dispute between those parties

and are not related to the criminal conduct and resultant losses investigated by the United States. In *Crawford*, the court placed the burden of establishing an offset on the defendant pursuant to 18 U.S.C. § 3664(e), which provides that the court shall determine who bears the burden of demonstrating matters other than loss or financial resources. *See* 169 F.3d at 593 n. 2; *see also United States v. Gagarin*, 950 F.3d 596, 608 (9th Cir. 2020), cert. denied, 210 L. Ed. 2d 887, 141 S. Ct. 2729 (2021) (the district court property placed the burden of establishing the right to an offset on the defendant); *United States v. Serawop*, 505 F.3d at 1112, 1127 & 1128 nn. 5–6 (10th Cir. 2017) (under 18 U.S.C. § 3664(e) that the defendant bore the burden of establishing the amount of an offset); *United States v. Sheinbaum*, 136 F.3d 443, 449 (5th Cir. 1998) ("Logically, the burden of proving an offset should lie with the defendant."); *United States v. Harwood*, 854 F. Supp. 2d 1035, 1054 (D.N.M. 2012) (same). The United States has no information or knowledge about the three alleged offsets. The offset claims are far outside of the United States' investigation in this matter. These are private disputes between Defendant and Tyson Food. As such, the United States takes no position as to whether the Court should have a subsequent hearing involving these offset allegations <u>after</u> it enters a restitution award at sentencing.

**C. Defendant's Presence Is Not Required At Any Subsequent Restitution Hearing**

If the Court determines that an additional restitution hearing is warranted under § 3664(d)(5), Defendant's presence is not required by Fed. R. Civ. P. 43(a)(3) for two reasons. First, Rule 43 does not apply to a continued restitution hearing by the plain language of § 3664(c). Second, a subsequent restitution hearing in this case would not constitute sentencing. Accordingly, the Court should not delay Defendant's reporting to BOP custody even if it decides to hold a restitution hearing post-sentencing.

Rule 43(a)(3) provides that "the defendant must be present at … sentencing." However, Rule 43 does not apply to the Court's award of restitution. The Court's restitution award is entered pursuant to the MVRA. Restitution awards under the

MVRA are subject to the procedures of § 3664. Section 3664(c) specifically provides that "[t]he provisions of this chapter, chapter 227, and Rule 32(c) of the Federal Rules of Criminal Procedure <u>shall be the only rules applicable to proceedings under this section</u>" (emphasis added). *See United States v. Stivers,* 996 F.3d 800, 801 (7th Cir. 2021) ("§ 3664(c) supersedes Rule 43(a)(3) based on the plain language of the statute").

"By 'explicitly stat[ing]' that no other federal rules applied, Congress clearly expressed its intent to suspend the requirements of Rule 43(a)(3) for restitution orders entered under § 3664 … [and] [t]he upshot is that Rule 43(a)(3) does not apply to the restitution order in this case." *Id.*; *see also United States v. Robl,* 8 F.4th 515, 528 (7th Cir. 2021) ("The plain language of [§ 3664] therefore clearly forecloses the applicability of Rule 43(a) and Rule 32(i)(4)" to a restitution hearing); *United States v. Wyatt*, 9 F.4th 440, 454 (7th Cir. 2021) (finding no error in awarding restitution outside of Defendant's physical presence). Accordingly, there is no requirement under Rule 43 that the Defendant be present for a subsequent restitution hearing and his reporting to BOP should not be delayed in the event such a hearing is set by the Court.

Moreover, as noted above, the United States has met its burden and established the amount of actual loss in this matter and the Court should enter an award of restitution in that amount at sentencing, at which the Defendant will be present. What Defendant seeks in his request to continue the restitution determination is really an accounting for potential offsets unrelated to the underlying crime and resulting loss. Regardless of the propriety of that type of hearing under § 3664(d)(5), such a hearing is clearly not "sentencing" within the plain the meaning of Rule 43(a)(3) and, therefore, Defendant's presence would not be required and his reporting to BOP custody should not be delayed.

## **CONCLUSION**

For the foregoing reasons, the United States respectfully requests that the Court enter a restitution award in the amount of $178,120,382 at sentencing and, if it decides to have a later hearing involving the alleged offsets, not delay Defendant's reporting to BOP custody as a result.

Respectfully submitted this 30th day of September 2022.

| | |
|---|---|
| GLENN S. LEON<br>CHIEF, FRAUD SECTION<br>CRIMINAL DIVISION<br>U.S. DEPARTMENT OF JUSTICE | VANESSA R. WALDREF<br>UNITED STATES ATTORNEY |
| By: *John ("Fritz") Scanlon*<br>Avi Perry<br>Deputy Chief<br>John ("Fritz") Scanlon<br>Assistant Chief<br>1400 New York Avenue NW<br>Washington, DC 20005<br>Telephone: (202) 304-2946 | by: *Brian M. Donovan*<br>Russell E. Smoot<br>Timothy M. Durkin<br>Brian M. Donovan<br>Assistant United States Attorneys<br>Post Office Box 1494<br>Spokane, WA 99210-1494<br>Telephone: (509) 353-2767 |

## CERTIFICATE OF SERVICE

I hereby certify that on the date indicated herein, I caused a true and correct copy of the foregoing to be filed with the Clerk of Court using the CM/ECF System, which will send notification of such to all attorneys of record.

<i>s/ Brian M. Donovan</i><br>
Brian M. Donovan<br>
Assistant U.S. Attorney