Carl J. Oreskovich, WSBA #12779
Andrew M. Wagley, WSBA #50007
ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 W. Riverside Avenue, Suite 210
Spokane, WA 99201
Phone:  509-747-9100
Attorneys for Plaintiff
carl@ettermcmahon.com
awagley@ettermcmahon.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CODY ALLEN EASTERDAY,<br><br>　　　　　Defendant. | Case No. 4:21-CR-06012-SAB<br><br>**DEFENDANT'S MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(2)**<br><br>**With Oral Argument:**<br>**March 27, 2024 at 2:30 p.m.** |

## INTRODUCTION

Defendant Cody Allen Easterday ("Mr. Easterday"), by and through his undersigned counsel, hereby respectfully submits this Motion for a Sentence Reduction Under 18 U.S.C. § 3582(c)(2) following the recent, and retroactive, amendment to the federal sentencing guidelines concerning "Zero-Point Offenders". For the reasons set forth below, Mr. Easterday respectfully requests the Court modify Mr. Easterday's current sentence to a sentence consistent with the applicable changes to the federal sentencing guidelines.

### I. BACKGROUND

As the presiding judge for this case, the Court is well informed on the facts and circumstances concerning Mr. Easterday. Briefly, on March 24, 2021 Mr. Easterday was charged via Information with one count of Wire Fraud pursuant to 18 U.S.C. § 1343 (ECF No 1.) Shortly afterwards, on March 31, 2021, Mr. Easterday pled guilty to a single count of Wire Fraud. (ECF No. 10; ECF No. 12.) Following a lengthy and complex bankruptcy proceeding, during which Mr. Easterday expended significant effort to maximize the amount available for restitution, this Court sentenced Mr. Easterday on October 4, 2022 to 132 months (or 11 years) in custody and ordered Mr. Easterday to pay $244,031,132.00 in restitution. Mr. Easterday self-reported to USP Lompoc on December 16, 2022 where he has been, and continues to, serve his sentence. As of the date of this filing, $78,635,054.46 in restitution has been paid. (ECF No. 104.)

At the time of his sentencing in 2022, the United States Probation Office ("USPO") calculated Mr. Easterday's total offense level as thirty-two (32), with a criminal history score of zero (0). Mr. Easterday's Presentence Investigation Report ("PSR") included the following calculation:

| | | |
|---|---|---|
| Base Offense Level: | 7 | U.S.S.G. § 2B1.1(a)(1) |
| Loss Amount: | +26 | U.S.S.G. § 2B1.1(b)(1)(N) |
| Sophisticated Means: | +2 | U.S.S.G. § 2B1.1(10)(C) |
| Acceptance of Responsibility: | -3 | U.S.S.G. § 3E1.1 |
| **Total Offense Level:** | **32** | |

As a result, the PSR calculated a sentencing guideline range of 121 to 151 months' imprisonment given that Mr. Easterday's criminal history score established a Criminal History Category of I. (*See* ECF No. 59, PSR ¶40-63.)

On April 27, 2023, the United States Sentencing Commission (the "Commission") submitted to Congress an amendment to the federal sentencing guidelines. *See* U.S.S.G. § 4C1.1, Adjustment for Certain Zero-Point Offenders. This amendment, also commonly referred to as the "Amendment 821", "2023 Criminal History Amendment", or "Zero-Point Offenders Amendment" created a new Chapter 4 guideline, which provides for a decrease of two levels from the offense level determined under Chapters Two and Three for a defendant who did not receive any criminal history points, and whose instant offense did not involve specified aggravating factors.

In promulgating Amendment 821, the Commission considered several recidivism studies, and these studies found "that zero-point offenders recidivated far

less often than other offenders (27% vs. 42% for one-point offenders, and 49% overall)." *See* 2023 Amendments in Brief, U.S. Sentencing Commission, https://www.ussc.gov/sites/default/files/pdf/amendment-process/amendments-in-brief/AIB_821R.pdf.

And, on August 24, 2023, the Commission made the changes found in Amendment 821 retroactive. *See* Press Release, U.S. Sentencing Commission, https://www.ussc.gov/about/news/press-releases/august-24-2023, August 24, 2023 (last visited on Nov. 21, 2023). Prior to implementing this change, and deciding to apply the amendment retroactively, the Commission heard from "expert testimony and public comment from a wide spectrum of stakeholders, including senators, judges, lawyers, religious leaders, doctors, professors, advocates, victims, families, and incarcerated individuals." *See id.* Judge Carlton W. Reeves, Chair of the Commission summarized the two decisions stating, "[t]hese prospective changes to the criminal history rules made by the Commission in April reflect evidence-based policy determinations that apply with equal force to previously sentenced individuals. Applying these changes retroactively will increase fairness in sentencing." *Id.*

Following Congressional acceptance, Amendment 821 took effect on November 1, 2023, and modifications to an individual's sentence can begin no earlier than February 1, 2024.

On January 17, 2024, the USPO filed a memorandum in Mr. Easterday's case confirming Mr. Easterday's eligibility as a Zero-Point Offender. (*See* ECF No. 105.) Per USPO, "[t]he defendant has zero (0) criminal history points. Pursuant to the

{01062968} Defendant's Motion for Sentence Reduction - Page 3

ETTER, McMAHON, LAMBERSON, VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201 (509) 747-9100

USSG §4C1.1(a) and Amendment 821, his Total Offense Leve [sic] is reduced 2 levels." (*Id.* at 1.) Counsel for the Government has also informed the undersigned that the Government does not intend to contest Mr. Easterday's eligibility as a Zero-Point Offender. (*See* Decl. of C. Oreskovich, ¶4.)

Thus, if Amendment 821 was effective as of the day of Mr. Easterday's sentencing, he would have been eligible for an additional -2 adjustment in accordance with § 4C1.1(a). This would have resulted in a total offense level of 30, within the Criminal History Category of I. This total offense level, and corresponding criminal history score and category, would have placed Mr. Easterday within a guideline range of 97 to 121 months in custody. (*See* ECF No. 105 at 1.)

Accordingly, and for the reasons stated below, Mr. Easterday respectfully requests this Court to reduce his term of imprisonment previously imposed from 132 months to 97 months. In the event the Court is not inclined to reduce Mr. Easterday's sentence to 97 months, Mr. Easterday requests that the Court at least apply a proportional reduction from Mr. Easterday's original sentence of 105.88 months, as has been agreed to other defendant's cases by the AUSA and defense counsel.

## II.  STANDARD OF REVIEW

Congress has provided an exception to the general rule that a federal court may not modify the terms of imprisonment once it has been imposed. *Dillon v. U.S.*, 560 U.S. 817, 819 (2010). This exception applies "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *See id.* (quoting 18 U.S.C. § 3582(c)(2) (internal quotes omitted).

In accordance with 18 U.S.C. § 3582(c)(2), when a sentencing range "has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Further, reductions made pursuant to 18 U.S.C. § 3582(c)(2) are also governed by policy statement U.S.S.G. § 1B1.10, which states that "proceedings under 18 U.S.C. § 3582(c)(2) and [U.S.S.G. § 1B1.10] do not constitute a full resentencing of the defendant." *See* § 1B1.10(a)(3). Section 1B1.10 further states:

> In General.--In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced *and shall leave all other guideline application decisions unaffected.*

*See* § 1B1.10(b)(1)(emphasis added).

### III.    APPLICATION

**A. § 4C1.1. Adjustment for Certain Zero-Point Offenders.**

Mr. Easterday satisfies the requirements of Amendment 821, now found in U.S.S.G. § 4C1.1, which makes him eligible for a 2-point reduction in his total

offense level and the corresponding downward adjustment of the applicable guideline range. Mr. Easterday's eligibility was confirmed by USPO, (*see* ECF No. 105), and it is not contested by the Government. (*See* Decl. of C. Oreskovich, ¶4.) Mr. Easterday falls squarely within the group of individuals that the Commission intended to impact with Amendment 821. However, to the extent the Court requires additional briefing on Mr. Easterday's eligibility, the undersigned would gladly supplement this filing.

**B. Application of 18 U.S.C. § 3553 Factors to Mr. Easterday's Motion for a Sentence Reduction.**

With Mr. Easterday's eligibility established, the Court may reduce Mr. Easterday's "term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Here, the § 3553(a) factors support a sentence reduction to a sentence of 97 months (or 8 years and 1 month), or at the very least a proportional reduction from Mr. Easterday's original sentence to 105.88 months.

In summary, Mr. Easterday is a high school graduate who worked tirelessly to build a remarkable farming and ranching operation. (*See* ECF No. 50, Defendant's Sentencing Memorandum and Motion for Downward Variance.) He lived humbly and did not engage in a lavish lifestyle. He did not inherit wealth, nor did he pursue entitlement. (*Id.* at 18-27.) Rather, he worked seven days a week earning and building his business. (*Id.*) He was a generous employer and member of the

{01062968} Defendant's Motion for Sentence Reduction - Page 6

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201 (509) 747-9100

community who constantly brought support to struggling employees and community members. (*Id.*) His willingness to help those in need is well-known.

Mr. Easterday's crimes occurred as a result of tremendous trading losses in the Commodities Market triggered by his addiction. (*Id.*) Unlike any other, Mr. Easterday kept complete records detailing his fraud, self-disclosed his wrongful conduct and spent weeks providing records detailing the fraud to Tyson. (*Id.*) Mr. Easterday quickly admitted guilt and engaged in a speedy resolution of his criminal charges. (*Id.*) Mr. Easterday is humiliated and remorseful for his conduct. He presents no risk of recidivism. (*Id.*) He worked non-stop in the bankruptcy to maximize the value of the bankruptcy estate to repay creditors. (*Id.*)

Additionally, as of November 30, 2023, $78,635,054.46 has been paid to Mr. Easterday's victims out of the $244,031,132.00 that Mr. Easterday owes in restitution, which represents a 32% recovery to date. (*See* ECF No. 103, Stipulated Motion to Apply Restitution Offsets Pursuant to 18 U.S.C. § 3664(j).) If given the opportunity, Mr. Easterday will work to further repay the debt he owes, just as he actively worked to create significant value during bankruptcy proceedings in order to pay back the victims of his offense. Further, while Mr. Easterday has worked to pay back tens of millions of dollars in restitution to his victims, Mr. Easterday is an outlier across most criminal defendants. *See generally*, U.S. GOV'T ACCOUNTABILITY OFFICE, GAO-18-203, FEDERAL CRIMINAL RESTITUTION MOST DEBT IS OUTSTANDING AND OVERSIGHT OF COLLECTIONS COULD BE IMPROVED, pg. 23 (2018) (describing how the Government did not collect any restitution payments from two-thirds of all restitution debts ordered between 2014 through 2016). Thus,

{01062968} Defendant's Motion for Sentence Reduction - Page 7

ETTER, McMAHON, LAMBERSON, VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201 (509) 747-9100

Mr. Easterday requests that the Court consider his efforts to-date to repay his victims when considering the application of Amendment 821. A reduced sentence would serve the multiple purposes of respecting the rule of law, providing just punishment, and giving Mr. Easterday an opportunity, once released from custody, to further work towards repaying his debt.

Mr. Easterday's efforts while incarcerated have been exemplary. He has served his time productively since his incarceration. He has received zero incident reports or disciplinary actions while incarcerated. Mr. Easterday has worked over 2,000 hours in the eleventh month period between January 1, 2023 and November 30, 2023 for UNICOR, which is an average of more than 41 hours per week. As a result of Mr. Easterday's efforts he has received several Achievement Certificates and Awards, such as: (1) Achievement of Excellence Certificate for the successful completion of a 500 hour Master Mechanic Program; (2) Achievement of Excellence Certificate for the successful completion of 500 hour Agri-Business Vocational Program; (3) Achievement of Excellence Certificate for the completion of 1000 hour Agri-Business Vocation Program; and (4) Special Achievement Award for working weekends and evenings during harvest season. (*See* Exhibit A, Certificates and Awards.) Thus, Mr. Easterday requests that the Court consider his positive conduct while incarcerated when considering the application of Amendment 821.

Last, a reduced sentence no greater than 97 months would not create unwarranted sentencing disparity. In fact, it would be higher than a substantial majority of similarly situated defendants. Recently, the Federal Judicial Center in conjunction with the U.S. Sentencing Commission created a "Judicial Sentencing

INformation" [sic] platform (JSIN).[1] The JSIN "provides five years of cumulative data for people who were convicted of a similar or the same crime, have a similar criminal history, and have been convicted of an offense that falls under the same sentencing guideline."[2] Dozens of district courts across the United States have begun routinely incorporating the results of JSIN runs into PSRs including the Eastern District of Washington.[3]

According to the JSIN, "[d]uring the last five fiscal years (FY2018-2022), there were 131 defendants whose primary guideline was §2B1.1, with a Final Offense Level of 30 and a Criminal History Category of I, after excluding defendants who received a §5K1.1 substantial assistance departure. . . . For all 131 defendants in the cell, the average sentence imposed was 71 month(s) and the median sentence imposed was 72 month(s)."[4]

To provide the Court with a more informative perspective of these 131 sentences, the histogram below illustrates the distribution of these sentences by select ranges.[5] As indicated, five individuals received a sentence of a single day (0.03

---

[1] Administrative Office of the U.S. Courts *Judiciary Studies Use of Online Tool in Presentence Reports*, Apr. 28, 2023, https://www.uscourts.gov/news/2023/01/25/judiciary-studies-use-online-tool-presentence-reports.

[2] *Id.*

[3] *Id.*

[4] United States Sentencing Comm'n, Judiciary Sentencing INformaiton (JSIN), https://jsin.ussc.gov/.

[5] Undersigned counsel engaged the services of SentencingStats.com, Inc. (www.sentencingstats.com) to analyze the U.S. Sentencing Commission's publicly available datafiles and create the histogram set forth below.

months) or less; one received a sentence greater than six months but not greater than a year-and-a-day (12.03 months); 14 received a sentence greater than 36 months but no greater than 48 months and so on. Only 37 received a sentence within the applicable advisory range as illustrated by the red rectangle. The red vertical line indicates the overall average of 71 months and median of 72 months. A substantial majority of these defendants—93 (71%)—received a sentence *below* 97 months. Accordingly, a sentence below 97 months would not create unwarranted sentencing disparity.



### C. Application of 18 U.S.C. § 994(j) to Mr. Easterday's Motion for a Sentence Reduction

The amended guidelines also appear to provide an avenue for the Court to

sentence Mr. Easterday below the guideline range if "defendant received an adjustment under § 4C1.1 (Adjustment for Certain Zero-Point Offenders) and the defendant's applicable guideline range overstates the gravity of the offense because the offense of conviction is not a crime of violence or an otherwise serious offense." *See* U.S.S.G. § 5C1.1, Note 10. Mr. Easterday has found very little guidance regarding the application of this Comment, and understands the limitations found in USSG § 1B1.10(b)(2) appear to limit retroactive application of § 4C1.1 to the minimum amended guideline range. However, to the extent the Court would consider a sentence below the amendment guideline range, Mr. Easterday would happily provide additional briefing on that topic.

## IV.    CONCLUSION

For all the foregoing reasons, Mr. Easterday requests that this Court grant this Motion for a Sentence Reduction Under 18 U.S.C. § 3582(c)(2).

RESPECTFULLY SUBMITTED this 31st day of January, 2024.

      ETTER, McMAHON, LAMBERSON,
      VAN WERT & ORESKOVICH, P.C.


    By:  /s/ Carl J. Oreskovich
      Carl J. Oreskovich, WSBA #12779
      Attorney for Plaintiff Cody Allen Easterday

{01062968} Defendant's Motion for Sentence Reduction - Page 11

ETTER, McMAHON, LAMBERSON, VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201 (509) 747-9100

*Of Counsel:*
ARNALL GOLDEN GREGORY LLP
Jeffrey S. Jacobovitz (*Pro Hac* Vice)
D.C. Bar No. 346569
Justin Ferraro (*Pro Hac Vice*)
Virginia Bar No. 92226
2100 Pennsylvania Ave, NW
Suite 350S
Washington D.C. 20037
Telephone: (202) 677-4056
Facsimile: (202) 677-4057
Emails: jeffrey.jacobovitz@agg.com
justin.ferraro@agg.com

{01062968} Defendant's Motion for Sentence Reduction - Page 12

ETTER, McMAHON, LAMBERSON, VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201 (509) 747-9100

## CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of January, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to all of the attorneys that have appeared in this case and have registered with the CM/ECF System.

EXECUTED this 31st day of January, 2024 in Spokane, WA.

By: /s/ Jodi Dineen
Jodi Dineen